**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1269**

YU FENG ZHAO,

              Petitioner,

         v.

ERIC H. HOLDER, JR.,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  February 18, 2009        Decided:  March 26, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Yu Feng Zhao, Petitioner Pro Se.   Daniel  Eric  Goldman,  Eric
Warren  Marsteller,  UNITED  STATES  DEPARTMENT  OF  JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yu Feng Zhao, a native and citizen of the People's Republic of China ("China"), petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's ("IJ") denial of Zhao's application for asylum and withholding of removal. Zhao challenges the IJ's determination, affirmed by the Board, that she failed to establish a well-founded fear of future persecution under China's "one-family, one-child" policy.

"Applicants bear the burden of proving eligibility for asylum." Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008). An alien can establish her eligibility for asylum by proving she has a well-founded fear of future persecution on a protected ground. 8 C.F.R. § 1208.13(b)(2) (2008); Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both an objective and a subjective element. Ngarurih, 371 F.3d at 187. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of

2

the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li v. Gonzales, 405 F.3d 171, 176 (4th Cir. 2005) (internal quotation marks and citations omitted).

We will affirm a determination regarding eligibility for asylum if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We will reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We have carefully reviewed the record and conclude that it does not compel a contrary result than that reached by the Board and the IJ. Thus, we cannot grant the relief Zhao seeks. Similarly, as Zhao does not qualify for asylum, she is ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Id.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED